■ ALLEN NELSON JR., an Infant, by GERALD NELSON, His Guardian ad Litem, Respondent, v. TOWN OF SMYRNA, Chenango County, Appellant.— Defendant appeals from an order of the Supreme Court entered in Chenango

County on January 12, 1956, which denied a motion to dismiss the complaint on the ground that it failed to state a cause of action. The complaint is in negligence and seeks to recover for injuries sustained by an infant plaintiff when a dynamite cap which he and other boys had found exploded. The gist of the complaint, in relation to defendant's negligence, is that defendant, through its officers and employees, abandoned inherently dangerous dynamite caps in an abandoned gravel pit in an old wooden box which deteriorated so that the caps became easily accessible to children; that the explosives were not kept in a safe place; that the box was not marked in accordance with statutory requirements; that defendant dumped all unwanted articles, including the box containing the caps, in a heap in the gravel pit; that when one of the boys hit the box with a small stick the screws holding the lock fell out because the box was so deteriorated; that the boys took about 100 caps from the box, and that circumstances were such that these acts and the resulting injuries should have been foreseen. Appellant contends that because the complaint alleges the box was locked and that it appears from the complaint that the caps were not "exposed", that the case does not fall within the rule of Kingsland v. Erie County Agric. Soc. (298 N. Y. 409), but does fall within Perry v. Rochester Lime Co., (219 N. Y. 60). Appellant argues that no proximate causation between the alleged negligence of the defendant and plaintiff's injuries is shown to exist under the allegations of the complaint. Ordinarily proximate cause is a question of fact. Seldom, if ever, could the question be decided as a matter of pleading when a complaint alleges negligence and causal connection to damages. Even in the Perry case, relied on by defendant, the question was not decided on the pleading. We agree with the lower court that the allegations of the complaint are broad enough to permit proof of a cause of action, and that the question of proximate cause cannot be decided at this stage of the action. It will be for the trial court, after hearing the detailed proof, to determine whether or not there is a jury question as to promixate cause. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.